Honorable Gail S. Shaffer Secretary of State Department of State
You ask whether PVA-EPVA, Inc. (PEP), a business corporation jointly owned by the Paralyzed Veterans Association, Inc. and the Eastern Paralyzed Veterans Association, Inc. (EPVA), or other commercial enterprises which conduct computerized fund-raising drives are "professional fund raisers" as defined in Article 7-A of the Executive Law, which requires such fund raisers to register with the office of the Secretary of State.
Executive Law, § 171(4) defines a professional fund raiser as:
 "Any person who for compensation or other consideration plans, conducts, manages or carries on any drive or campaign in this state for the purpose of soliciting contributions for or on behalf of any charitable or religious organization or any other person, or who engages in the business of, or holds himself out to persons in this state as independently engaged in the business of soliciting contributions for such purpose."
The registration requirements were enacted to protect the public from fraud and to provide certain financial disclosure to the public by charitable organizations and those who raise funds on their behalf (1954 New York State Legislative Annual, 356-7).
Shortly after the predecessor of Article 7-A was enacted in 1954, we issued two opinions concerning firms that assisted charitable organizations engaged in fund raising. In one opinion we said that a public relations firm that provided a charitable organization with typical public relations services — advice on publicity, selection of material for release to different media, preparing news releases, and the like — was not a professional fund raiser (1955 Op Atty Gen 220). In the other opinion, the question was whether the Advertising Distributors of America, Inc., should register as a professional fund raiser. The corporation, for a fee based on the number of pieces of "advertising" distributed, either mailed or delivered house to house the items of advertising. If the advertiser had a coupon, box top or similar requirement for a return, the corporation would receive the returns and process them. We said that "[i]f the agency merely distributes or collects, or both, matter prepared by and given to it, by the charitable organization, * * * the [agency] is not a professional fund raiser" (1957 Op Atty Gen 251).
It is clear that in these early opinions, we took the position that an entity providing a service to business generally did not become a professional fund raiser simply by providing that same service to a charitable organization that was doing its own fund raising. We did note in our 1955 opinion, however, that we were not saying "that the fact that an individual's or a firm's business generally may be something else — such as, for example, public relations — the individual or firm is automatically taken out of the statute. * * * Each case must be decided on its own particular facts."
An examination of the activities of PEP shows that its business is fund raising. We understand that in this part of the country, PEP, a for-profit corporation, sends out solicitations prepared by EPVA and signed by the Executive Director of EPVA. PEP also produces packages of greeting cards that are sent with the solicitation. Those solicited are not asked to pay for the cards but are asked to make a contribution to EPVA. If no contribution is made, PEP sends a reminder notice to the potential contributor. PEP maintains records of contributors and records, counts and collects the contributions and deposits them in an EPVA bank account. Contributions are mailed directly to PEP. The solicited public deals only with that entity and not with the charity.
This is a far cry from the distributor of advertising of 30 years ago. In those days, the distributor simply delivered house to house or by mail to geographical areas. In today's computer world, solicitations are sophisticated. Mailing lists are developed for special purposes and frequently sold to those who need specialized lists. An organization like PEP provides a charity with the expertise necessary for efficient fund raising. In short, an entity that in effect says to a charity: Send us your solicitation and we'll do everything else necessary to raise funds for you — is a professional fund raiser. That may have been what the Advertising Distributors of America, Inc., said in 1957, but what they did in those days was minor compared to what can be done today by an organization concentrating on professional distribution of charity solicitations and collection of funds.
We conclude that an organization that provides all the services necessary to conduct a fund-raising drive is a professional fund raiser.